IN CLARKE SUPERIOR COURT, AUGUST, 1832.

## JOHN G. ROBERTS, Administrator, &c. *vs.* WILLIAM A. CARR, Executor, &c.

## *Bill for Discovery, Account and Legacy.*

Although as a general rule, it is true, that the gift of the interest vests the body of the legacy ; yet in such cases, the gift of the interest must be unconditional and placed under the immediate control of the legatee.

The words "I give unto my brother J. G. the sum of $1000, to be vested in bank stock, and the net proceeds to be annually drawn and paid to him by my executor during the life-time of the said J. G." were held to be such a gift of the mere interest, as not to vest the body of the legacy.

THIS bill has been filed by the complainant as the administrator of James George deceased, to recover of the defendant as the executor of Thomas Carr, a legacy bequeathed in and by the last will and testament of Robert George, to which will the said Thomas was appointed executor.—On the trial of the cause, the principal question arising, and on the determination of which the case depended, was the construction to be given to the clauses in the will of Robert George, which were supposed to convey the legacy sought to be recovered.

The clauses of the will are in these words. " 3d. I give and bequeath unto my brother Jordan George, two notes of two thousand dollars each, given by Daniel Low and William Low, and one five hundred dollar note given by Grimes Nicholson and Co. to Greenwood, also one note for forty dollars, given by Charles Harris, to him and his heirs forever, subject to a deduction in the hands of my executor of one thousand dollars to raise a fund for the support of my brother, James George."

" 4th. I give unto my brother, James George, the sum of 1000 dollars, to be vested in bank stock, and the net proceeds to be annually drawn and paid to him by my executor, during the life time of the said James."

The complainant's counsel contended that the $1000 were given unconditionally to James George, and vested absolutely in him, and, on his death, constituted a part of his estate, and as such was recoverable by his administrator, the complainant.

The counsel for defendant contended that only a *life estate* was vested in James George by the will, and on the death of said James, vested in the residuary legatee of said Robert, one being appointed in and by the said will of said Robert.

*By the Court.* The first duty of a court, in the construction of a will, is to ascertain, if it be possible, from the words of the will itself, the intention of the testator, and to carry that intention into effect, if such intention be not contrary to law. There would be no violation of any provision of law, let either construction contended for prevail. The first intention of Robert George is quite clear. He intended to raise a fund for the support of his brother James during his life, and that such fund should be vested in bank stock, and the net

proceeds paid by his executor to that object. What should
be done with such fund after the death of said James, is not
set forth clearly in the will, and creates the present question,
to be settled according as we may ascertain the intention of
the testator. That the testator intended that James should
take only a life estate, may be reasonably inferred, first, from
the fact that the fund is one only for maintenance or support,
which purpose must necessarily cease with the life of the said
James. And secondly, from the fact, that the payment of
the net proceeds of the fund, being expressly limited to the
life time of the said James. And thirdly, from the nature of
the security in which this fund is to be vested. Bank stock
most usually, if not from necessity, is in the name of the per-
son who is authorized to draw the dividends. If this stock
had been taken in the name of James George, he alone would
have drawn the dividends, and not the executor, Thomas
Carr. And James George would have been enabled legally
to have sold and disposed of the fund itself, as well as the net
proceeds; and certainly such a proceeding would have been
to defeat the expressed intention of the testator. To have
prevented this control of James over the fund and the pro-
ceeds, and to enable the executor to perform the duty re-
quired of him, in paying over the proceeds, it would be neces-
sary that the Bank stock should have been taken in his name,
or be entirely under his control, by being in the name of the
estate of Robert George, in either of which events, at the
death of James, his representatives could not recover it. It
is true as a general principle, that the gift of the interest vests
the body of the legacy, but it is believed that in such cases
the gift of the interest is unconditional, and placed under the
immediate control of the legatee. If this principle were ap-
plied to the bequests under consideration, it must be obvious
to every one that the wish of the testator would be defeated.
It would be to place the legacy, fund and proceeds at the
disposal of James George, when the testator has expressly de-
clared that his executor should pay out annually the net pro-
ceeds to the said James. Could James George sell or dispose
of in any way the fund directed to be vested in Bank stock
by this will? He could not, for the object of the testator
seems to have been directed to the prevention of such an
event; there being no time fixed by him when this control
of his executor should cease, and that of the legatee com-
mence. When any period of time is mentioned as limiting
the performance of the executor, it is the life time of the le-
gatee, showing, in the opinion of the court, an intention to
restrict the interest of James George in this fund, to his life
time. The object of Robert George appears to have been to
provide for the support or maintenance of his brother James,
and a gift of the interest or proceeds of a fund for that pur-
pose, cannot be considered as vesting in the legatee the fund
itself.

CLARKE,
August, 1832.

ROBERTS, Adm.
v.
CARR, Exr.

This will also appoints a residuary legatee, in general terms, without mentioning any residue as then being of his estate, thereby seeming to indicate a belief or knowledge that there would be at some time some portion thereof not finally disposed of by the antecedent clauses of his will. The evidence in this case, also discloses a fact which goes to support very strongly the construction drawn from the words; it is this, that James George was a lunatic. James George being thus unfortunate, there was no inducement for his brother Robert to provide further, than for his maintenance during life; none to provide for his children, for it would have been unreasonable to anticipate his having any.

The court is therefore of opinion that the intention of the testator is manifest, and that he intended, not to give the $1000 absolutely to James George, but only a life estate therein; such intention, violating no rule of law, must be carried into effect—the said James having departed this life, his estate has determined and ceased, and that his representative can take nothing under this will.

The case turning on this question, the complainant dismissed his bill.